**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorney for Plaintiff*,
Brian Hardin

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN HARDIN<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CEDARS BUSINESS SERVICES, LLC, SUSAN SARWER AND DOES 1-15;<br><br>　　　　Defendants | Case No.:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT CASE NO.** _____

# INTRODUCTION

1. This is an action for actual damages, statutory damages, injunctive relief, restitution, attorney fees, and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and California Business and Professional Code § 17200, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## INTRADISTRICT ASSIGNMENT

7. Intradistrict assignment to the SAN FRANCISCO DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SAN MATEO.

## PARTIES

8. Plaintiff BRIAN HARDIN (hereinafter "Plaintiff") is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

---

[1] Cal. Civil Code § 1788.1(a)(1).

**COMPLAINT CASE NO.** _____    **Page 3 of 9**

9. Defendant CEDARS BUSINESS SERVICES, LLC (hereinafter "Defendant Cedars") is a California corporation doing business as "Cedar Financial" operating from an address of 5230 Las Virgenes Rd. STE 200, Calabasas, CA 91302 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

10. Defendant SUSAN SARWER (aka JANE DOE) (hereinafter "Defendant Sarwer") is a natural person employed by Defendant Cedars as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

11. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 15, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon allege that each Named Defendant and each Defendant designated as a DOE is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

12. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned, Named Defendants and Defendants DOES 1 through 15, were agents, officers, directors, managing agents, or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, or employee and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them.

## STATEMENT OF FACTS

13. On or about September 2, 2014, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) namely, a municipal traffic fine while driving a rental car during a personal vacation in Italy.

14. Sometime thereafter certain additional fees were added to that municipal traffic fine which constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5) as well as a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

15. At no time did Plaintiff consent to or otherwise authorize the addition of additional administrative or collection fees to the municipal traffic fine.

16. Sometime thereafter, the Plaintiff's debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Defendants initiated communications in an attempt to collect this debt.

17. In about February of 2016, Defendants left Plaintiff at least two voicemails on his cellular telephone that were without the disclosure required by FDCPA § 1692e(11).

18. In about February of 2016, Defendants left Plaintiff at least one voicemail on his cellular telephone that was without the disclosure required by FDCPA § 1692d(6).

19. On May 17, 2016, Defendants communicated with Plaintiff by email that stated, in pertinent part, "I am not able to hold this file on my desk anymore" and "[w]e are just trying to save you from any potential escalation" and "If we don't receive anything from your side than [sic] we have to mark your file as a **Refusal to Pay** and report it to Italian authorities and they will review possible escalation and moreover this could affect your travel to Italy and possibly any country in the EU" and "For making the payment please follow the link below:" (Emphasis in original).

20. Plaintiff at no time refused to pay the debt that is the subject of this complaint.

*Actual Damages*

21. Plaintiff has suffered actual damages as a result of these illegal collection tactics by these Defendants in the form of invasion of privacy, loss of productive time, nausea, and feelings of hopelessness, anger, persecution, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF § 1692e(1) OF THE FDCPA

22. A debt collector violates § 1692e(1) of the FDCPA when it falsely represents the amount of any debt.

23. Defendants violated § 1692e(1) when they alleged that Plaintiff owed them an amount in excess of the Italian municipal traffic fine.

### COUNT II
### VIOLATION OF § 1692e(4) OF THE FDCPA

24. A debt collector violates § 1692e(4) of the FDCPA when it represents or implies that nonpayment of any debt will result in the arrest or imprisonment of any person.

25. Defendants violated § 1692e(4) when they, by stating that "travel to Italy and possibly any country in the EU" could be affected, represented or implied that nonpayment of the debt would result in the arrest or imprisonment of Plaintiff.

### COUNT III
### VIOLATION OF § 1692e(8) OF THE FDCPA

26. A debt collector violates § 1692e(8) of the FDCPA when it threatens to communicate to any person credit information which is known or which should be known to be false.

27. Defendants violated § 1692e(8) when they told Plaintiff "If we don't receive anything from your side than [sic] we have to mark your file as a **Refusal to Pay** and report it to Italian authorities." (Emphasis in original).

## COUNT IV
## VIOLATION OF § 1692e(10) OF THE FDCPA

28. A debt collector violates § 1692e(10) of the FDCPA when it uses any false representation to attempt to collect any debt.

29. Defendants violated § 1692e(10) when they told Plaintiff "[w]e are just trying to save you from any potential escalation."

## COUNT V
## VIOLATION OF § 1692e(11) OF THE FDCPA

30. A debt collector violates § 1692e(11) of the FDCPA when it fails to disclose in communications with a consumer that the communication is from a debt collector.

31. Defendants violated § 1692e(11) when they left Plaintiff at least two voicemails on his cellular telephone that were without such required disclosure.

## COUNT VI
## VIOLATION OF § 1692d(6) OF THE FDCPA

32. A debt collector violates § 1692d(6) of the FDCPA when it places telephone calls without meaningful disclosure of the caller's identity.

33. Defendants violated § 1692d(6) when they left Plaintiff at least one voicemail on his cellular telephone that was without such meaningful disclosure.

## COUNT VII
## VIOLATION OF THE RFDCPA

34. A debt collector violates § 1788.17 of the California Civil Code by failing to comply with § 1692b through § 1692j of the FDCPA.

**COMPLAINT CASE NO.** _____        **Page 7 of 9**

35. Defendants violated Cal. Civ. Code § 1788.17 when they willfully violated the FDCPA by way of the acts and omissions set forth previously in this Complaint.

36. Pursuant to Cal. Civ. Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## COUNT VIII
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200

37. A defendant violates California Business and Professional Code § 17200 when it engages in any unlawful, unfair, or fraudulent business act or practice.

38. Defendants violated California Business and Professional Code § 17200 by their business acts and practices that violated the FDCPA and the RFDCPA.

39. Defendants also violated California Business and Professional Code § 17200 by unfairly and willfully harassing and attempting to deceive Plaintiff into paying them more than they were legally owed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and Cal. Civ. Code § 1785.31 (RFDCPA) against Defendants and for Plaintiff, and

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a) (FDCPA) against each Defendant individually and for Plaintiff, and

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1785.31 (RFDCPA) against each Defendant individually and for Plaintiff, and

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (FDCPA) and Cal. Civ. Code § 1788.30 (RFDCPA) against Defendants and for Plaintiff, and,

e) Award of injunctive relief pursuant to California Business and Professional Code § 17200, to wit, that Defendants are enjoined from unlawfully communicating with Plaintiff in connection with the collection of the debt that is the subject of this complaint, and,

f) Award of restitution as may be fair and equitable pursuant to California Business and Professional Code § 17200 against each Defendant and for Plaintiff, and,

g) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-15

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

## TRIAL BY JURY IS DEMANDED.

THE CARDOZA LAW CORPORATION

DATED: August 23, 2016         BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
BRIAN HARDIN